THE STATE OF NEW HAMPSHIRE

CHESHIRE, SS.                                                                                     SUPERIOR COURT

Cynthia I. Chiu
23 School Street                            213-2023-CV-00015
Bellows Falls, VT 05101

v.

Burns & Goins, LLC d/b/a Restaurant at Burdick's
47 Main Street
Walpole, NH 03608

### NOTICE OF REMOVAL FROM N.H. COMMISSION FOR HUMAN RIGHTS AND REQUEST FOR TRIAL PURSUANT TO NH RSA 354-A:21-A

NOW COMES Defendant BURNS & GOINS, LLC d/b/a RESTAURANT AT BURDICK'S, by and through its attorneys, JACKSON LEWIS P.C., and hereby gives notice of its intent to remove Plaintiff's Charge of Discrimination from the New Hampshire Commission for Human Rights to the Cheshire County Superior Court, pursuant to the provisions of NH RSA 354-A:21-a, and state as follows:

1. On or about October 28, 2020, Cynthia Chiu dual-filed a Charge of Discrimination with the New Hampshire Commission for Human Rights ("NHCHR") (Charge No. EG(R) 0019--21) and the Equal Employment Opportunity Commission ("EEOC") (Charge No. 16D-2021-00013) against Burns & Goins, LLC d/b/a Restaurant at Burdick's, alleging discrimination on the basis of gender and retaliation in violation of the Title VII of the Civil Rights Act of 1964, 42 § 2000e, et seq. ("Title VII"), the Equal Pay ACT ("EPA"), and NH RSA 354-A, et seq. A copy of Plaintiff's Charge of Discrimination is appended hereto as Exhibit 1.

2. By letter dated December 12, 2022, the NHCHR issued a partial[1] finding of probable cause and scheduled a public hearing on July 19, 2023, under the authority of NH RSA

---

[1] The NHCHR issued a finding of no probable cause regarding Plaintiff's claims of retaliation.

354-A:21, on the issues of whether Plaintiff was subjected to gender discrimination (differing treatment) by Defendant in violation of NH RSA 354-A, et seq.

3. Defendant denies Plaintiff's claims in their entirety.

4. Defendant wishes to exercise its right to a trial pursuant to the provisions of NH RSA 354-A:21-a.

5. A copy of this Notice has been provided to *pro se* Plaintiff Cynthia Chiu and to the New Hampshire Commission for Human Rights.

> Respectfully Submitted,
> BURNS & GOINS, LLC d/b/a
> RESTAURANT AT BURDICK'S,
> By its attorneys,
> JACKSON LEWIS P.C.,

Date: January 25, 2023          By: /s/Ashley R. Theodore
                                     Ashley R. Theodore, NHBA #268090
                                     Debra Weiss Ford, NHBA #2687
                                     100 International Drive, Suite 363
                                     Portsmouth, NH 03801
                                     ashley.theodore@jacksonlewis.com
                                     603.559.2706 | Direct
                                     debra.ford@jacksonlewis.com
                                     603.559.2727 | Direct

Certificate of Service

I hereby certify that copies of the foregoing were this day served on Plaintiff *pro se* Cynthia Chiu via first class mail, postage prepaid, at 23 School Street, Bellows Falls, VT, 05101 and via email at cindichiu64@gmail.com and via email on Sarah Burke Cohen, Assistant Director, New Hampshire Commission for Human Rights, 2 Industrial Park Drive, Bldg. 1, Concord, New Hampshire, 03301 at sarah.e.burkecohen@hrc.nh.gov.

Date: January 25, 2023          By: /s/Ashley R. Theodore
                                     Ashley R. Theodore

4858-2945-8238, v. 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | EG(R) 0019-21<br>16D-2021-00013 |

**New Hampshire Commission for Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Cynthia I Chiu | 802-463-0736 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 23 School Street, Bellows Falls VT, 05101 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Burns and Goins LLC d/b/a Restaurant at Burdick's | 40 | (603) 756-9058 |

| Street Address | City, State and ZIP Code |
|---|---|
| 47 Main Street, Walpole NH, 03608 | |

**RECEIVED OCT 3 0 2020 NH Commission for Human Rights**

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify) RSA 354-A

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 2003    Latest: June 1, 2020
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. I identify as a woman.
2. From approximately 2003 until June 1, 2020, I was employed at Burns and Goins, LLC d/b/a Restaurant at Burdick's.
3. Throughout my employment at the restaurant, I maintained high levels of productivity and always made quality food.
4. About three years ago, a new employee, Will, was hired.
5. After Will was hired, he began exhibiting threatening, demeaning, and inappropriate behaviors toward other employees and me. I reached out to my supervisor, Wesley Babb, who dismissed the complaint.
6. After I began complaining about the work environment, my hours were being changed so that I would be working less hours as my shifts began to start later in the day.
7. Following this, another male employee, Josh L/N/U, proposed an ultimatum to our supervisor based on the continued inappropriate behavior of Will.
8. Will was fired that day.
9. Although I had continued to complain about Will's behavior, management took no action until complaints about Will were made by male employees.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10/28/20 / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

157-0010924

*[Notary seal: KATHLEEN NEATHAWK, Notary Public in the State of Vermont, WINDHAM COUNTY, Commission Expires Feb 10, ...]*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | X FEPA<br>X EEOC | EG(R) 0019-21<br>16D-2021-00013 |

New Hampshire Commission for Human Rights and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

10. My employer had limited hours and/or was closed due to COVID-19 for a period of time. Although some staff continued to work, I felt it was unsafe as most were not wearing masks and/or socially distancing. My employer told employees if we weren't comfortable at work, we could accept being laid off.
11. I worked for approximately 2 weeks, but began to feel unsafe due to there being no masks and no social distancing. After the 2 weeks, I stopped working for a time due to COVID safety concerns.
12. Before my layoff due to COVID-19, I learned a male day time cook in an inferior role to myself (sous chef) was making more money than me.
13. During the COVID-19 layoff, I was informed by the owner that I had let my day-to-day responsibilities slip away from me. Due to these claims, my employer suggested I become a line cook.
14. Due to an issue with my phone, I was not able to respond to the message immediately.
15. At this point in approximately May 2020, my employer was operating, which required additional staff to return from lay off.
16. In early May 2019, my family and I were exposed to COVID-19 through contact with a person who tested positive. I informed my supervisor and explained that I would have to quarantine and await the results of a test before making a return to work.
17. Due to testing issues including a lost result and an inconclusive result, the testing process took approximately one month.
18. During this delay, I continuously kept my supervisors informed of the situation and my intent to return to work.
19. On May 27, 2020, I was cleared to return to work. I informed my supervisor and he directed me to "hang tight".
20. On June 1, 2020, I received a letter from my employer notifying me that I had resigned from my position due to infrequent contact and refusal to work.
21. I assert that I was discriminated against because of my gender by way of differential treatment in pay, employment changes, and my supervisor dismissing my complainant against Will.
22. I assert that I was also retaliated against after I reported harassment by Will and differential treatment to my supervisor by way of hour changes, allegations of alleged performance issues and discharge.
23. I have and continue to suffer damages, including but not limited to lost wages, lost earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience, and loss of enjoyment of life. I seek all damages to which I am entitled.

KATHLEEN NEATHAWK
Notary Public in the State of Vermont
WINDHAM COUNTY
Commission Expires Feb. 10, 1/31/21

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10/28/20
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

*Kathleen Neathawk*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

157-0010924

EEOC FORM 131-A (11/09)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| | PERSON FILING CHARGE<br><br>**Cynthia I. Chiu** |
| BURNS AND GOINS LLC D/B/A RESTAURANT AT BURDICK'S<br>47 Main Street<br>Walpole, NH 03608 | THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**16D-2021-00013** |
| | FEPA CHARGE NO.<br>**EG(R) 0019-21** |

**NOTICE OF CHARGE OF DISCRIMINATION** IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act (Title VII)   [X] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____
                                                                                                   *(FEP Agency)*

[X] The   **New Hampshire Commission for Human Rights**   and sent to EEOC for dual filing purposes.
                          *(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race   [ ] Color   [X] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [ ] Disability   [X] Retaliation   [ ] Genetic Information   [X] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| November 3, 2020 | **Judy A. Keenan,**<br>**District Director** | |